It was an order upon itself, duly certified, and needing no acceptance.

The action of an executive officer could not invalidate it nor render it noneffective. It was equivalent to what is known in banking as a cashier's check; and its legal effect is the same as if the money had been wrapped, labeled and set aside as belonging to the party named thereon.

Hence we think the authorities cited by counsel for the receiver with reference to checks and orders do not apply, and that Judge Hosea of the superior court of Cincinnati, Ohio, in the case of *Hunt* v. *Supreme Lodge A. O. U. W.*, 19 Dec. 130 (5 O. L. R. 374), took the proper view.

Decree accordingly.

**Wilson** and **Sullivan, JJ.,** concur.

---

## CHARGE TO JURY—NEGLIGENCE.

[Hamilton (1st) Circuit Court, February 15, 1908.]

Swing, Giffen and Smith, JJ.

QUEEN CITY BOX CO. v. GEORGE DUFFY, AN INFANT.

CHARGE REQUIRING DEFENDANTS TO PROVE PLAINTIFF'S NEGLIGENCE UPON CONTRIBUTORY NEGLIGENCE DISCLAIMED HELD ERRONEOUS.

In an action for damages for personal injuries, where the defendant has disclaimed any defense of contributory negligence, a charge of court as to the burden of proving negligence on the part of the plaintiff is misleading, and taken in connection with a misstatement of the plaintiff's age as thirteen to fourteen, when he would have been sixteen on his next birthday, constitutes reversible error.

**Robertson & Buchwalter,** for plaintiff in error.

**Cogan & Williams,** for defendant in error,

GIFFEN, J.

The infant, plaintiff below, was injured by a circular saw while

engaged in carrying off short pieces of boards as they were cut by the sawyer. It is charged in the petition that the defendant, well knowing the want of skill and intelligence of said infant to understand the danger necessarily attending his employment about such machinery, failed and neglected to warn him of such danger.

The defendant denied that the injury was in any way caused by its negligence, and averred that it was caused wholly by the plaintiff's own negligence.

The jury returned a general verdict in favor of the plaintiff, and in answer to a special interrogatory found that he had not been sufficiently instructed as to the dangers of his employment, and did not appreciate those dangers; but there was no special finding that this omission was the direct cause of the injury, although it may be inferred from the general verdict. It seems doubtful, however, from the charge of the court upon the question of the burden of proof, whether the jury arrived at such conclusion, because after correctly instructing them that the burden of proving the defendant's negligence and that it was the direct cause of the injury rested upon the plaintiff, the following instruction was given:

"The burden of proof is on the defendant to establish the fact which would constitute plaintiff's negligence, if any, and that such negligence was the direct cause of the accident; but if the evidence offered by the plaintiff raises in your mind a presumption of negligence on his part as the direct cause of the accident, he must, by evidence offered by him, that is, by the plaintiff, remove such presumption before you can find a verdict in his favor."

The record also discloses the fact that defendant objected before the charge was given to any instructions upon the subject of contributory negligence of the plaintiff.

If, therefore, the defendant disclaimed any defense of contributory negligence, it is difficult to understand how the burden of proving negligence of the plaintiff and that it was the direct cause of the accident could be on the defendant, except by a strict construction of the allegation in the answer "that the injuries complained of were caused wholly and entirely by the plaintiff's own negligence."

The charge was liable to mislead the jury to believe that although the plaintiff failed to prove that the negligence of the defendant was a direct cause of the accident, the defendant was still bound to prove that the plaintiff's own negligence wholly caused the injuries, unless the evidence of plaintiff raised a presumption of negligence on his part as the direct cause of the accident.

Box Co. v. Duffy.

The allegation of the answer, considered in connection with the disclaimer made before the charge was given, was equivalent to a general denial that the defendant's negligence caused the injuries.

The court also charged the jury as follows:

"At the time of the accident he (the plaintiff) was a child thirteen to fourteen years of age, and when we consider the question as to whether or not he was negligent we must measure his conduct by what a child of that age, and of ordinary prudence, would do or would not do under the circumstances of the case."

The error in this instruction consisted in assuming that the child was thirteen to fourteen years of age when there was testimony tending to prove that he would be sixteen years of age on his next birthday.

In view of the special finding of the jury we are not disposed to hold that the verdict is not sustained by sufficient evidence, although a careful reading of the evidence does not make it clear that the negligence of the defendant was the direct cause of the injuries.

The judgment will be reversed for errors in the charge of the court, and the cause remanded for a new trial.